IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/25/2012

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-32098 |
| HENRY WALKER; dba WALKER | § | Chapter 13 |
| GLOBAL ENTERPRISES, | § | |
|     Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION

The Trustee's Motion to Dismiss (ECF No. 43) is denied, and Henry Walker's motion to vacate the order confirming his plan (ECF No. 51) is granted.

### Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

### Background

On September 29, 2011, Walker received $25,000 ("Settlement Funds") into his Houston Municipal Employees Federal Credit Union account for the settlement of a discrimination dispute with his employer, FEMA/Homeland Security. (ECF No. 49 at 1). Walker filed a voluntary Chapter 13 petition on March 20, 2012. (ECF No. 1). Chapter 13 Trustee David Peake asserts that Walker failed to prosecute the case in good faith when he omitted the Settlement Funds from his Statement of Financial Affairs. (ECF No. 43 at 2). After Peake began investigating the undisclosed Settlement Funds, Walker amended his Statement of Financial Affairs to include the Settlement Funds. (ECF No. 43 at 2).

Peake asserts that Walker may still be in possession of the Settlement Funds (ECF No. 43 at 2). Walker claims that the Settlement Funds no longer exist and were spent as follows: (1) $10,000 to the lawyer who represented him in the FEMA dispute (ECF No. 49 at 1-2); (2) $7,000

to satisfy a debt to his grandmother (ECF No. 49 at 1-2); and (3) the remainder for living expenses. (ECF No. 49 at 2).

Walker asserts that the omission of the Settlement Funds from his Statement of Financial Affairs was due to a misunderstanding and was unintentional. (ECF No. 49 at 3). Walker asserts that he did not disclose the receipt of the Settlement Funds as income because he was not taxed, and did not believe the Settlement Funds were income. (ECF No. 49 at 2). At the hearing on August 15, 2012 regarding the Motion to Dismiss, Walker testified that he did not regard the settlement with FEMA as a suit or administrative proceeding because he believed the settlement was an "in-house" matter. Since action was never taken by an administrative or judicial body, Walker did not believe the action was a lawsuit or administrative proceeding.

Walker admits that paying his grandmother $7,000 constituted a preferential payment, and has filed a motion to vacate his confirmation order so that he can submit a plan that pays his creditors an additional $7,000. (ECF No. 51).

## Analysis

**Considering the Totality of the Circumstances, Walker Acted in Good Faith**

Under § 1307(c) of the Bankruptcy Code a court, for cause, may dismiss a Chapter 13 case. *In re Thalmann*, 469 B.R. 677, 681 (Bankr. S.D. Tex. 2012). A lack of good faith is considered "cause" under § 1307(c). *Id*. Good faith is determined on a case-by-case basis by examining the totality of the circumstances. *Id*. The factors to be considered in making a good faith determination include whether any deficiencies or inaccuracies in a debtor's plan were made in an attempt to mislead the court; and whether debtor sought relief with an improper motive. *In re Russell*, 348 B.R. 441, 448 (Bankr. S.D. Tex. 2006).

This Court has also considered relevant to a good faith determination whether there are numerous omissions that a debtor fails to correct, and whether there are transfers indicating a debtor's intention to treat his creditors unfairly. *In re Fonke*, 310 B.R. 809, 817 (Bankr. S.D. Tex. 2004).

Whether a party has acted in good faith is ultimately determined by whether there has been an abuse of the provisions, purpose, or spirit of Chapter 13. 328 B.R. at 448.

Although it is a close call, the burden of proof on the motion to dismiss rests with Trustee Peake. *In re Dickerson*, 232 B.R. 894, 897 (Bankr. E.D.Tex. 1999). Under all of the facts and circumstances, the Court cannot conclude that Walker failed to act in good faith.

**Factors Suggesting Bad Faith**

Walker is wrong about his duty to disclose. The proceeds from the lawsuit were income to Walker and he was required to disclose them on his Statement of Financial Affairs. If the omission was done in bad faith, then Peake's motion to dismiss must be granted. However, not all omissions require a bad faith finding. *In re Goyner*, 383 B.R. 316 (Bankr. N.D. Ohio 2007) (inadvertent inaccuracy in a debtor's schedules does not warrant adverse action); *see also In re Sholdra*, 249 F.3d 380, 382 (5th Cir. 2001) (in Chapter 7 context, debtor's false statement must be made with fraudulent intent to be basis for denying discharge).

The strongest consideration weighing against a good faith finding in this case is the fact that Walker did not disclose the Settlement Funds as either income or a suit on his Statement of Financial Affairs. In his First Amended Statement of Financial Affairs, Walker lists the Settlement Funds as income for 2011 and lists, "*Henry Walker v. Federal Emergency Management Agency (FEMA) 11S-09-FEMA00051*" under "Suits and administrative

proceedings, executions, garnishments and attachments." (ECF No. 42). Walker's failure to disclose the Settlement Funds in the first instance suggests that he acted in bad faith.

Additionally, Walker did not amend his Statement of Financial Affairs until after the omission was brought to Peake's attention. While this suggests that Walker did not intend to correct his omission, Walker testified that he was not aware of the wrongfulness of his omission; upon learning of his error, Walker alleges that he promptly amended his Statement of Financial Affairs.

**Factors Suggesting Good Faith**

*Walker's Use of Settlement Funds*

After Walker paid his attorney for his services, Walker had approximately $15,500 remaining from the Settlement Funds. Excluding the $7,000 preferential transfer to his grandmother (discussed below), Walker had approximately $9,500 remaining that could have potentially been paid to creditors. Walker's bank statements from 09/01/2011 through 10/31/2011 (ECF No. 49-2) confirm that the majority of the remaining Settlement Funds were spent in a routine manner. There is no indication that Walker used a significant amount of the Settlement Funds in a frivolous manner, or that any of Walker's uses of the money, aside from the payment to his grandmother, constitute a fraudulent or preferential transfer. Walker's use of funds support a good faith determination as they show that Walker did not intend to prejudice his creditors by failing to disclose his receipt of the Settlement Funds.

*Walker's Motion to Vacate*

Walker has filed a motion to vacate the order confirming his plan so that he might amend his Chapter 13 Plan and provide his creditors with the $7,000 preferential payment made to his grandmother. Walker's Motion weighs in favor of a finding of good faith. There is no evidence

that the preferential transfer was made for the purpose of treating Walker's creditors unfairly. Walker did not transfer the $7,000 to his grandmother in order to avoid paying it to other creditors. According to the undisputed evidentiary record, Walker owed his grandmother $7,000, and desired to repay her as she was in poor health. Walker's Motion to Vacate suggests that he did not make the preferential transfer with the intent of treating his creditors unjustly. To the extent that the transfer did negatively affect his creditors, Walker desires to remedy the harm by returning the $7,000.

After considering the totality of the circumstances, the Court finds that the trustee has failed to sustain his burden of proof. The Court does not find Walker's omissions willful or intentional. Other than the omission in his Statement of Financial Affairs, there is no evidence suggesting that Walker sought relief with an improper motive or intended to mislead the court. Walker's actions in their totality do not suggest an abuse of the provisions, purpose, or spirit of Chapter 13, and do not warrant dismissal of Walker's case. Walker's Motion to Vacate is granted, providing Walker with the opportunity to cure his error.

## Conclusion

The Court will enter an order in accordance with this Memorandum Opinion.

SIGNED **September 24, 2012.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE